UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEROME WISNIEWSKI,

      Defendant.
_____/

Case No. 1:05-CR-141

Hon. Richard Alan Enslen

**ORDER**

      This motion is before the Court on Defendant's Motion for Modification of Sentence. On October 18, 2005, Defendant was sentenced to 36 months in prison after pleading guilty to embezzling 1.3 million dollars from the Manistee Housing Commission while employed as its director. In effect, Defendant is requesting that the custody portion of his sentence be modified to a 24 month custody sentence, with the additional 12 months to be served on home confinement or house arrest. Defendant filed this Motion for Modification on July 31, 2006.

      The Court does not have any inherent power to modify a term of imprisonment. *United States v. Ross*, 245 F.3d 577, 578 (6th Cir. 2001). Indeed, as a general rule under 18 U.S.C. § 3582(c), a court "may not modify a term of imprisonment once it has been imposed." The statute sets forth three limited circumstances in which the Court may modify a sentence. Under § 3582(c)(1)(A), a court may modify a term of imprisonment upon a motion by the Director of the Bureau of Prisons. Section 3582(c)(1)(B) allows for modification only to the extent expressly permitted by statute[1] or Rule 35 of the Federal Rule of Criminal Procedure.[2] The third exception arises only when the original sentence was based on a sentencing range that was subsequently lowered. 18 U.S.C. § 3582(c)(2). Additionally, the Sixth Court has occasionally allowed

---

[1] There are only two statutes that expressly allow for the modification of sentences, 28 U.S.C. § 2255 or 28 U.S.C. § 2106. *Ross*, 245 F.3d at 578.

[2] Rule 35 allows modifications within 7 days after sentencing for arithmetical, technical, or other clear errors. FED. R. CRIM. P. 35(a).

sentence modifications under Federal Rule of Criminal Procedure 36 when a clerical error has occurred and more than 7 days has elapsed from the day of sentencing. *See United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (holding that a clerical error is one that is made by a clerk, and errors arising from oversight or omission by the court is not within the scope of Rule 36).

Defendant argues for a modification of his sentence based on his wish to meet his grandson, to receive family support, to enable larger restitution payments, and finally to relieve the financial burden of his medication and living costs from tax payers. Defendant claims that given his advanced age and the white collar nature of his crime, he poses no threat to the community and it would serve justice to modify his original sentence to include 12 months of home confinement. Further, Defendant contends, pursuant to 18 U.S.C. § 3583(d), the Court does have authority to modify his sentence.[3] However, this statute contemplates a court including a term of supervised release after imprisonment at the time of sentencing, and does not authorize the Court to modify a sentence almost a year after the original sentence is imposed. Therefore, because Defendant fails to meet any of the above exceptions, the Court lacks authority to modify his sentence for any of the reasons argued in his motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jerome Wisniewski's Motion for Modification of Sentence (Dkt. No. 32) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
October 18, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Defendant also cites § 5F1.2 of the United States Sentencing Guidelines to support his argument that the Court has authority to modify the sentence. 18 U.S.C.S. Appx. § 5F1.2. However, those Guidelines apply only to the sentencing court in the first instance and do not authorize the court to set aside or modify a sentence. *See Morales v. United States*, 353 F. Supp. 2d 204 (D. Mass. 2005).